**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| EMMANUEL ADEWALE ADEYINIKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:26-cv-00539 (UNA) |
| | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF TREASURY, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

Plaintiff, appearing *pro se*, has filed a Complaint, ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2.  The Court grants Plaintiff's IFP Application, and for the reasons discussed below, dismisses this action without prejudice.

Plaintiff, a resident of Oregon, attempts to bring this action as a "relator/Private Attorney General."  *See* Compl. at 1.  He alleges that the Oregon Department of Revenue ("ODR") is operating a "ghost-reporting enterprise among regional employers designed to falsify federal tax credits[.]" *See id*.  He seeks an injunction, correction of records, and restitution, and asks the Court to order an investigation by the Department of Treasury and the Internal Revenue Service.  *See id.* at 2.

Plaintiff, however, is not authorized to bring this action, as pleaded. As background, whistleblowers are generally authorized to bring *qui tam* actions under the False Claims Act, 31 U.S.C. §§ 3729–3732, "an anti-fraud statute that prohibits the knowing submission of false or fraudulent claims to the federal government." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 640 (6th Cir. 2003).  More specifically, the FCA authorizes a private individual,

as a relator, "to bring [a *qui tam*] action in the Government's name, and to recover a portion of the proceeds of the action, subject to the requirements of the statute."  *U.S. ex rel. Batiste v. SLM Corp.*, 659 F.3d 1204, 1206 (D.C. Cir. 2011) (citations omitted); 31 U.S.C. § 3730.  But, in federal court, a plaintiff generally "may [only] plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654; *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others") (citation and footnote omitted).  And in a *qui tam* action, the United States is "the real party in interest," *Cobb v. California*, No. 15-cv-176, 2015 WL 512896, at *1 (D.D.C. Feb. 4, 2015); therefore, a "*pro se* plaintiff may not file" on its behalf, *Jones v. Jindal*, 409 Fed. App'x. 356 (D.C. Cir. 2011) (per curiam); *see Gunn v. Credit Suisse Grp. AG*, 610 Fed. App'x 155, 157 (3d Cir. 2015) (noting that "every circuit that has [addressed the issue] is in agreement that a *pro se* litigant may not pursue a *qui tam* action on behalf of the Government.") (citing cases).

Indeed, it is well established that "*pro se* parties may not pursue [*qui tam*] actions on behalf of the United States." *Walker v. Nationstar Mortg. LLC*, 142 F. Supp. 3d 63, 65 (D.D.C. 2015) (quoting *U.S. ex rel. Fisher v. Network Software Assocs.*, 377 F. Supp. 2d 195, 196–97 (D.D.C. 2005)); *see Canen v. Wells Fargo Bank, N.A.*, 118 F. Supp. 3d 164, 170 (D.D.C. 2015) (noting that "courts in this jurisdiction consistently have held that *pro se* plaintiffs . . . are not adequately able to represent the interests of the United States") (citing cases); *U.S. ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 Fed. App'x 731, 732 (7th Cir. 2006) ("[A] *qui tam* relator—even one with a personal bone to pick with the defendant—sues on behalf of the government and not himself.  He therefore must comply with the general rule prohibiting nonlawyers from representing

other litigants."). In other words, Plaintiff has neither a constitutional nor a statutory right to pursue the claims of the federal government, or anyone else, without counsel.

Furthermore, this Court lacks jurisdiction to compel an agency investigation. *See Otero v. U.S. Attorney General*, 832 F.2d 141, 141–42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). The Executive Branch has absolute discretion to decide whether to conduct such an investigation and those decisions are not subject to judicial review. *United States v. Nixon,* 418 U.S. 683, 693 (1974); *see Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480–81 (D.C. Cir. 1995); *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965); *see also Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion.").

For all of these reasons, this matter is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

DATE: May 26, 2026                     /s/ CHRISTOPHER R. COOPER
                                        United States District Judge